# No. 13-56970

### IN THE

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————————

## VENTURA CONTENT, LTD.,
*Plaintiff—Appellee,*

*v.*

## MOTHERLESS, INC., AND JOSHUA LANGE,
*Defendants—Appellants.*

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA, STEPHEN V. WILSON, DISTRICT JUDGE • CASE NO. 2:11-CV-05912-SVW (FMO)

————————————

# APPELLANTS' REPLY BRIEF
————————————

### THEODORA ORINGHER PC
DAVID S. RICHMAN
10880 WILSHIRE BLVD., SUITE 1700
LOS ANGELES, CALIFORNIA 90024
(310) 557-2009 • FAX: (310) 551-0283

ATTORNEYS FOR DEFENDANTS AND APPELLANTS
MOTHERLESS, INC., AND JOSHUA LANGE

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

SUMMARY OF THE ARGUMENT ................................................................1

ARGUMENT...................................................................................10

    I.    An Award To Defendants Will Further The Purposes Of The Copyright Act, And The District Court Abused Its Discretion by Incorrectly Ignoring This "Pivotal Criterion". .............................10

        A.    Defendants Did Not Waive Their Argument That An Award Will Further The Purposes Of The Copyright Act. ......10

        B.    This Court Should Reject Ventura's Argument That An Award Will Not Further The Purposes Of The Copyright Act Because Defendants' Business Serves No Copyright Act Purposes. ..........................................................................11

        C.    This Court Should Reject Ventura's Argument That An Award Will Not Further The Purposes Of The Copyright Act Because The DMCA's Purpose Is Neither To Reward Those Who Profit From Mass Infringement Nor To Encourage Relentless Infringement By Millions Of People. ..................................................................................13

    II.    The District Court Abused Its Discretion By Incorrectly Deciding That The *Fantasy* Factors Weighed Against An Award. ............................................................................14

        A.    This Court Should Reject Ventura's Argument That The "Degree Of Success" *Fantasy* Factor Weighed Against An Award. ...............................................................14

        B.    This Court Should Reject Ventura's Argument That The "Objective Unreasonableness" *Fantasy* Factor Weighed Against An Award. ...............................................................18

        C.    This Court Should Reject Ventura's Argument That The "Motivation" *Fantasy* Factor Weighed Against An Award. ...............................................................22

i

      D.    This Court Should Reject Ventura's Argument That The
            "Compensation And Deterrence" *Fantasy* Factor
            Weighed Against An Award. ................................................25

   III.   Defendants' Motion Was Not Filed Late............................................27

CONCLUSION ....................................................................................................28

STATEMENT OF RELATED CASES ..................................................................30

CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME
      LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
      REQUIREMENTS [FED. R. APP. P. 32(a)]..............................................31

# TABLE OF AUTHORITIES

**Page**

## CASE

*Arista Records, LLC v. Launch Media, Inc.*,
  344 Fed. Appx. 648 (2nd Cir. 2009) ..................................................5, 20, 21

*Assessment Techs. v. Wiredata, Inc.*,
  361 F.3d 434 (7th Cir. 2004).............................................................4, 16, 18

*Charles Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*,
  2012 WL 48027 (E.D. Va. January 9, 2012) ...........................................5, 19

*Crawford v. Lungren*,
  96 F.3d 380 (9th Cir. 1996).......................................................................11

*Diamond Star Building Corp. v. Freed*,
  30 F.3d 503 (4th Cir. 1994).......................................................................18

*Fantasy, Inc. v. Fogerty*,
  94 F.3d 553 (9th Cir. 1996)...................................................................passim

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ..............2, 12, 13, 17

*Fogerty v. MGM Group Holdings Corp. Inc.*,
  379 F.3d 348 (6th Cir. 2004)................................................................5, 19

*Frank Music Corp. v. MGM, Inc.*,
  886 F.2d 1545 (9th Cir. 1989)........................................................4, 15, 16

*Fung v. Columbia Pictures*,
  710 F.3d 1020 (9th Cir. 2013)..................................................................26

*Halicki Films, LLC v. Sanderson Saks & Marketing*,
  547 F.3d 1213 (9th Cir. 2008)..............................................................5, 19

*Harris Custom Builders, Inc. v. Hoffmeyer*,
  140 F.3d 728 (7th Cir. 1998).................................................................5, 19

*Hustler Magazine, Inc. v. Moral Majority, Inc.*,
  796 F.2d 1148 (9th Cir. 1986)...............................................................8, 25

*Lotus Development Corp. v. Borland International*,
  140 F.3d 70 (1st Cir. 1998) ...................................................................8, 25

*Mathew Bender & Co., Inc. v. West Pub. Co.*,
  240 F.3d 116 (2nd Cir. 2001)................................................................5, 19

iii

*Mitek Holdings, Inc. v. Arce Eng'g Co.*,
   198 F.3d 840 (11th Cir. 1999).................................................8, 25

*Perfect 10, Inc. v. CCBill LLC*,
   488 F.3d 1102 (9th Cir. 2007)...................................................26

*Smith v. Jackson*,
   84 F.3d 1213 (9th Cir. 1996).................................................5, 19

*UMG Recordings, Inc. v. Veoh Networks, Inc.*,
   665 F.Supp.2d 1099 (C.D. Cal. 2009), *affirmed in part and remanded*
   *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d
   1006 (9th Cir. 2013)...................................................................26

*UMG v. Veoh Networks*,
   2010 WL 1407316, *1 (C.D. Cal. April 6, 2010) ........................24

*Viacom Int'l Inc. v. YouTube, Inc.*,
   676 F.3d 19 (2d Cir. 2012).........................................................26

## STATUTES

17 U.S.C. § 101 et seq................................................................. 1

17 U.S.C. § 505 ...............................................................passim

17 U.S.C. § 512(c) ..........................................................passim

17 U.S.C. § 512(c)(1)......................................................passim

17 U.S.C. § 512(c)(1)(A) ..............................................2, 6, 12, 21

17 U.S.C. § 512(c)(1)(B) ..............................................2, 6, 13, 21

17 U.S.C. § 512(i)(1)(A) ................................................2, 13, 21

17 U.S.C. § 512(k)(2) ....................................................................15

California Business & Professions Code § 17200 .........................9, 28

## RULES

Fed.R.Civ.P. 11...............................................................7, 22, 23

Fed.R.Civ.P. 12.................................................................8, 26

Fed.R.Civ.P. 54(b) ...........................................................9, 27

Fed.R.Civ.P. 54(d)(2)(B) ......................................................27

iv

Fed.R.Civ.P. 56(d) .................................................................................4, 19

Local Rule 54-10 .......................................................................................27

Local Rule 54-12 .......................................................................................27

IN THE

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————————

## VENTURA CONTENT, LTD.,
*Plaintiff—Appellee,*

*v.*

## MOTHERLESS, INC., AND JOSHUA LANGE,
*Defendants—Appellants.*

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA, STEPHEN V. WILSON, DISTRICT JUDGE • CASE NO. 2:11-CV-05912-SVW (FMO)

————————————

# APPELLANTS' REPLY BRIEF
————————————

## SUMMARY OF THE ARGUMENT

Defendants Motherless, Inc. ("Motherless") and Joshua Lange ("Lange")

(collectively "Defendants") did not waive their argument that an award of fees will

further the purposes of 17 U.S.C. § 101 et seq. (1976) (the "Copyright Act").  To

the contrary, Defendants' motion for fees extensively cited *Fantasy, Inc. v.*

*Fogerty*, 94 F.3d 553 (9th Cir. 1996), which clearly discusses this pivotal criterion,

and Defendants made this argument to the district court.  Further, Plaintiff Ventura

Content Ltd. ("Ventura") made this very argument in its opposition to Defendants'

motion, thereby making this argument an issue on appeal.

This Court should reject Ventura's argument that an award will not further

the purposes of the Copyright Act because Defendants' business serves no

Copyright Act purposes, since it does not encourage the production of original

creative works and does not stimulate artistic creativity for the general public good.

Ventura's argument ignores the facts that an award will further the purposes of the

Copyright Act because, as explained in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,

527, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the award will (1) encourage

Defendants and other defendants to litigate meritorious copyright defenses

[including 17 U.S.C. § 512(c) ("§ 512(c)")] to the same extent that Ventura and

other plaintiffs are encouraged to litigate meritorious infringement claims; (2)

recognize that Defendants' proof that they qualified for § 512(c) further defined

the specific factual circumstances under which a website, when its users have

uploaded infringing files, may satisfy the knowledge and expeditious take-down

requirements of § 512(c)(1)(A), the "by reason of the storage at the direction of a

user" requirement of § 512(c)(1), the right and ability to control the infringing

activity requirement of § 512(c)(1)(B), and the adoption and reasonable

implementation of a repeat-infringer policy requirement of § 512(i)(1)(A); and (3)

recognize that Defendants' successful defense of this case will enrich the general

public by promoting <u>access</u> to original creative works.

　　　　This Court also should reject Ventura's argument that an award will not

further the purposes of the Copyright Act because the purpose of the Digital

Millennium Copyright Act ("DMCA") is not to reward those who profit from mass infringement, and not to encourage relentless infringement by millions of people. These arguments are contradicted by the facts of this case, as determined by the district court in ruling on Defendants' motion for summary judgment ("MSJ") (which held that there was no evidence of mass infringement by Defendants and infringement by millions of people). Once this Court affirms the district court's ruling on Defendants' MSJ, these arguments by Ventura are <u>automatically</u> defeated.

This Court also should reject Ventura's argument that the "degree of success" *Fantasy* factor weighed against an award because Defendants were subject to a potential injunction, are subject to contempt-injunctive relief if they re-infringe or permit terminated users to re-infringe, had to terminate repeat mass-infringers because of this case, and escaped damages because of a technical misparsing of § 512(c). To the contrary, the district court correctly granted Defendants' MSJ: The court held that Defendants qualified for § 512(c), thereby eliminating all potential damages, based on Ventura's failure to provide any opposing evidence; the court then held that Ventura was not entitled to injunctive relief because it was a moot issue; and the court then dismissed Ventura's copyright claim with prejudice. Further, the court found that Defendants <u>voluntarily</u> and properly terminated repeat infringers and deleted infringing files,

3

long before Ventura filed its lawsuit, because that is what Defendants needed to do in order to qualify for § 512(c).  Finally, to no avail, Ventura tries to distinguish *Frank Music Corp. v. MGM, Inc.*, 886 F.2d 1545 (9th Cir. 1989), and *Assessment Techs. v. Wiredata, Inc.*, 361 F.3d 434 (7th Cir. 2004), two cases cited by Defendants.

This Court also should reject Ventura's argument that the "objective reasonableness" *Fantasy* factor weighed against an award because of Defendants' recognition that their chances of success on their MSJ were nonexistent.  Ventura's argument is only pure speculation, since there are an infinite number of reasons why Defendants could have decided not to file their MSJ before the trial, none of which have anything to do with Defendants' perception as to their chances of success and the objective reasonableness of Ventura's claims.  Further, Defendants' argument is wrong -- Defendants' motion explained that their earlier decision not to file the MSJ was based on their belief that Ventura would request the deferral of the MSJ under Fed.R.Civ.P. 56(d); their estimate of the cost to prepare the MSJ; their knowledge that no motion is a certain win; their concern that the MSJ would educate Ventura and result in additional discovery; and their desire to use the funds to instead try to settle this case.

Ventura also argues that its factual and legal arguments were not objectively unreasonable because of the holdings in several other cases [e.g., *Smith v. Jackson*,

4

84 F.3d 1213 (9th Cir. 1996); *Halicki Films, LLC v. Sanderson Saks & Marketing*, 547 F.3d 1213 (9th Cir. 2008); *Mathew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116 (2nd Cir. 2001); *Fogerty v. MGM Group Holdings Corp. Inc.*, 379 F.3d 348 (6th Cir. 2004); *Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728 (7th Cir. 1998); and *Charles Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 2012 WL 48027 (E.D. Va. January 9, 2012)]. While these cases stand for the general proposition that a prevailing defendant may not be entitled to an award if the plaintiff's claims are objectively unreasonable (and held that the particular defendants in those cases did not satisfy that test), Ventura has failed to demonstrate any <u>actual</u> factual and legal basis that supports its premise that its copyright claim was objectively reasonable. Ventura has not addressed any of the numerous and detailed factual and legal reasons set forth in Defendants' Opening Brief as to why Ventura's arguments in the district court were objectively unreasonable, and these reasons must be accepted as true when this Court affirms the district court's ruling on Defendants' MSJ.

Ventura also argues that its factual and legal arguments were not objectively unreasonable based on *Arista Records, LLC v. Launch Media, Inc.*, 344 Fed. Appx. 648 (2nd Cir. 2009). But, that case does not provide any support whatsoever for Ventura's argument. Unlike in *Arista Records,* a disagreement over statutory interpretation is not what happened in this case. In opposition to Defendants' MSJ,

Ventura argued that there was an issue of fact as to whether Defendants satisfied the (1) the knowledge and expeditious take down requirement of § 512(c)(1)(A); (2) the "by reason of the storage at the direction of a user" requirement of § 512(c)(1); (3) the right and ability to control the infringing activity requirement of § 512(c)(1)(B); and (4) the adoption and reasonable implementation of a repeat-infringer policy requirement of § 512(i)(1)(A).  The district court held that Ventura's arguments were either factually incorrect, contrary to existing law and statute, based on a misunderstanding of the law, and/or unsupported by any evidence whatsoever.

Finally, Ventura argues that its factual and legal arguments were not objectively unreasonable because Defendants claim that this case resulted in a more clear demarcation of the boundaries of copyright law, etc.  Ventura's argument is nonsense; a case can lead to the above result whether the plaintiff asserts objectively reasonable or unreasonable arguments; there is nothing that limits that result to only cases involving reasonable arguments.

This Court also should reject Ventura's argument that the "motivation " *Fantasy* factor weighed against an award because (1) Defendants asserted that Ventura improperly filed this case without conducting an adequate factual investigation regarding Defendants, their website, and Defendants' anticipated § 512(c) defense for the first time on appeal, (2) Defendants did not use Fed.R.Civ.P.

11 to make this assertion earlier; (3) the district court held that Ventura was not motivated by bad faith; (4) Ventura was motivated to file this case for "legitimate business concerns"; and (5) it is irrelevant that Ventura did not send any DMCA-compliant take-down notices to Defendants.  First, Defendants did not raise the issue of Ventura's inadequate pre-filing investigation for the first time on appeal, but Defendants made this very argument in their motion for fees.  Second, there is no statute or case law that even suggests, much less requires, that Defendants initially proceed under Fed.R.Civ.P. 11 as a pre-condition to asserting that Ventura's inadequate pre-filing factual investigation shows that its claims were objectively unreasonable.  Third, the fact that the district court held that Ventura was not motivated by bad faith does not by itself establish that Ventura was not improperly motivated in filing and continuing this case.  In fact, the court's evaluation of the "motivation" *Fantasy* factor in terms of whether Ventura brought this case in "bad faith" was incorrect.  Fourth, even if Ventura was motivated to file this case for "legitimate business concerns", that fact does not mean that Ventura's motivation in bringing and continuing this case was proper for purposes of 17 U.S.C. § 505.  Finally, it is not irrelevant that Ventura decided not to send any DMCA-compliant take-down notices to Defendants.  While a plaintiff's decision not to send a take-down notice will not be important when it was the result of the plaintiff's belief that the defendant did not qualify for § 512(c), here,

7

Ventura's decision was based on a deliberate "legal strategy" developed with outside counsel.

Finally, this Court also should reject Ventura's argument that the "compensation and deterrence" *Fantasy* factor weighed against an award because this case presented close and novel issues of first impression in an unsettled area of the law. The cases cited by Ventura as support [*Lotus Development Corp. v. Borland International*, 140 F.3d 70, 74 (1st Cir. 1998); *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840 (11th Cir. 1999); and *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148 (9th Cir. 1986)] are not helpful because, unlike those cases, the instant case did not present close and novel issues for the reasons discussed in Defendants' Opening Brief. Contrary to Ventura's argument, a case can further define and clarify the application of a statute to specific factual circumstances without presenting close and novel issues of first impression in an unsettled area of the law. Further, Ventura's argument that the district court's granting of Defendants' MSJ was unprecedented and surprising because "no DMCA law" supported summary judgment is contradicted by the court's order granting the MSJ. Finally, Ventura's argument that Defendants asserted for the first time on appeal the issues of lack of personal jurisdiction, inconvenient forum, and the fact that Ventura should not have sued Lange individually, thereby waiving these issues by failing to file a Fed.R.Civ.P. 12 motion and again by failing to raise

8

them in Defendants' motion for fees, is wrong. Defendants did not raise these matters on appeal (or even in their motion for fees) as substantive issues or objections, to be resolved by the courts. Rather, Defendants raised these matters (in their motion) as additional facts that justify an award when considering the "compensation and deterrence" *Fantasy* factor.

Finally, this Court should reject Ventura's argument that Defendants' motion was untimely filed, because the district court granted summary judgment on Ventura's copyright claim on July 3, 2013; the 14-day deadline expired on July 17; and Defendants did not file their motion until August 8. Ventura has ignored Fed.R.Civ.P. 54(b), which provides that the 14 day deadline did not start to run until the entry of a "judgment adjudicating all the claims". Although the court dismissed Ventura's copyright claim on July 3, the court did not dismiss Ventura's claim under California Business & Professions Code § 17200 ("§ 17200 claim") until July 25. The 14-day deadline started to run on July 25, not July 3, and expired on August 8, when Defendants filed their motion.

For the above reasons, this Court should reverse the district court's decision not to award fees as an abuse of discretion, and remand this matter to the court for a determination of the reasonable amount of fees and costs to be awarded.

# ARGUMENT

I. **An Award To Defendants Will Further The Purposes Of The Copyright Act, And The District Court Abused Its Discretion by Incorrectly Ignoring This "Pivotal Criterion".**

   A. **Defendants Did Not Waive Their Argument That An Award Will Further The Purposes Of The Copyright Act.**

Ventura argues that because Defendants' motion for fees did not argue that an award will further the purposes of the Copyright Act, (the pivotal criterion in deciding whether to award fees under § 505), Defendants waived their appellate argument that the district court abused its discretion by incorrectly ignoring this criterion, and by incorrectly considering the five *Fantasy* factors alone. (Answering Brief, p. 11-12.)  In fact, Defendants' motion extensively cited *Fantasy*, which clearly discusses this criterion, and Defendants made this argument to the district court.  For example, see 3 ER 253 (the courts may freely award fees, so long as they treat prevailing plaintiffs and defendants alike and seek to promote the Copyright Act's objectives); 3 ER 254 (in determining whether to award fees, the courts should keep in mind the purposes of the Copyright Act (such as to promote creativity for the public good) and awards should further the underlying purposes of the Act); and 3 ER 260 (the compensation and deterrence factor is not necessarily identical to whether a claim or defense furthers the purposes of the Copyright Act, although there is a connection between the two concepts, and defendants who seek to advance meritorious copyright defenses should be

encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims).[1]

The case cited by Ventura as support for its waiver argument – *Crawford v. Lungren*, 96 F.3d 380 (9th Cir. 1996) – does not prove any point. While that case correctly states the general proposition that an argument can be waived for appellate purposes, it does not provide any support for the claim that Defendants in fact waived their "purposes of the Copyright Act" argument.

Finally, even if Defendants did not argue to the district court in the clearest terms possible that whether an award will further the purposes of the Copyright Act is the pivotal criterion in deciding a motion for fees under § 505, Ventura made that very argument in its opposition to Defendants' motion, thereby making this argument an issue on appeal. (2 ER 159-160.)

>    **B.    This Court Should Reject Ventura's Argument That An Award Will Not Further The Purposes Of The Copyright Act Because Defendants' Business Serves No Copyright Act Purposes.**

Ventura argues that an award will not further the purposes of the Copyright

---

[1]  Interestingly, Ventura does <u>not</u> disagree with Defendants' arguments that (1) whether an award will further the purposes of the Copyright Act is the pivotal criterion in deciding whether to award fees under § 505, and (2) the district court completely ignored whether an award will further the purposes of the Act, and considered the five *Fantasy* factors alone. This omission by itself establishes that the court abused its discretion, and requires the reversal of the court's denial of Defendants' motion for fees.

Act because "Defendants' business serves no Copyright Act purposes." (Answering Brief, p. 12-16.)  Specifically, Ventura argues that Defendants' business does not encourage the production of original creative works and does not stimulate artistic creativity for the general public good.  (Answering Brief, p. 12-13.)

Ventura's argument ignores the fact that an award will further the purposes of the Copyright Act because, as explained in *Fogerty*, 510 U.S. at 527, the award will encourage Defendants and other defendants to litigate meritorious copyright defenses (including § 512(c)) to the same extent that Ventura and other plaintiffs are encouraged to litigate meritorious infringement claims.  Absent an award, Defendants and other defendants may find it cheaper and easier to settle meritorious cases rather than to litigate them.  (Opening Brief, p. 18-19.)

Ventura's argument also ignores the fact that an award will further the purposes of the Copyright Act because, as explained in *Fogerty*, 510 U.S. at 527, the award will recognize that Defendants' successful defense of this case resulted in a more clear demarcation of the boundaries of copyright law.  Defendants' proof that they qualified for § 512(c) further defined the specific factual circumstances under which a website, when its users have uploaded infringing files, may satisfy the knowledge and expeditious take-down requirements of § 512(c)(1)(A), the "by reason of the storage at the direction of a user" requirement of § 512(c)(1), the

right and ability to control the infringing activity requirement of § 512(c)(1)(B), and the adoption and reasonable implementation of a repeat-infringer policy requirement of § 512(i)(1)(A).  (Opening Brief, p. 20.)

Finally, Ventura's argument ignores the fact that an award will further the purposes of the Copyright Act because, as explained in *Fogerty*, 510 U.S. at 527, the award will recognize that Defendants' successful defense of this case will enrich the general public by promoting <u>access</u> to original creative works.[2] (Opening Brief, p. 20.)

> ### C.     This Court Should Reject Ventura's Argument That An Award Will Not Further The Purposes Of The Copyright Act Because The DMCA's Purpose Is Neither To Reward Those Who Profit From Mass Infringement Nor To Encourage Relentless Infringement By Millions Of People.

Ventura also argues that an award will not further the purposes of the Copyright Act because "the DMCA's purpose is not to reward those who profit

---

[2]  Ventura also ignores the fact that the district court's decision <u>not</u> to award fees will <u>not</u> further the purposes of the Copyright Act, because (1) Ventura filed this case without ascertaining very basic facts relating to Defendants and their anticipated § 512(c) defense; (2) Ventura did not send any DMCA-compliant take-down notices to Defendants regarding the 33 videos at issue, or try to communicate with Defendants about the 33 videos in any other way, as a result of a deliberate legal strategy developed with outside counsel; (3) in the absence of an award, Ventura will not suffer any detriment for having brought a meritless case and will not have been given any incentive to approach similar circumstances and future cases in a less aggressive, more careful and efficient manner; and (4) an award is the sole method for Defendants to be compensated for their clarification of § 512(c) and successful defense of this case.  (Opening Brief, p. 20-21.)

from mass infringement" (Answering Brief, p. 16-18), and "the DMCA's purpose is not to encourage relentless infringement by millions of people" (Answering Brief, p. 18-20). These arguments are contradicted by the actual facts of this case, as determined by the district court in ruling on Defendants' MSJ (which held at 1 ER 19-21 that there was no evidence of mass infringement by Defendants). Once this Court affirms the district court's ruling on Defendants' MSJ, these arguments by Ventura are <u>automatically</u> defeated.[3]

## II. The District Court Abused Its Discretion By Incorrectly Deciding That The *Fantasy* Factors Weighed Against An Award.

### A. This Court Should Reject Ventura's Argument That The "Degree Of Success" *Fantasy* Factor Weighed Against An Award.

Ventura argues that the "degree of success" *Fantasy* factor weighed against an award because "(1) Defendants were liable, (2) were subject to a potential injunction due to their liability, (3) are subject to contempt-injunctive relief if they re-infringe or permit terminated users to re-infringe, (4) had to terminate repeat mass-infringers, and (5) only escaped damages because of a technical (mis)parsing of the safe harbor." (Answering Brief, p. 21-23.) Ventura is living in a dream

---

[3] Similarly, Ventura argues that this appeal is moot because this Court will reverse the district court's granting of Defendants' MSJ. (Answering Brief, p. 8.) But, Defendants' Second Brief on Cross-Appeal (Response and Principal Brief) has shown that the court properly granted Defendants' MSJ. Accordingly, this appeal is not moot.

world. The district court correctly granted Defendants' MSJ: The court held that Defendants qualified for § 512(c), thereby eliminating all potential damages under § 512(c)(1) and (k)(2), based on Ventura's failure to provide any opposing evidence; the court then held that Ventura was not entitled to injunctive relief because it was a moot issue; and the court then dismissed Ventura's copyright claim with prejudice. (1 ER 31-32.) Whether Defendants were, before the court's ruling, subject to a "potential injunction" is irrelevant; after the ruling, there was no such potential. Further, since the court did not issue an injunction, there is no possibility of "contempt-injunctive relief if [Defendants] re-infringe or permit terminated users to re-infringe." Further, in the light of the substance of the court's 25-page order granting Defendants' MSJ, the result was anything but a "technical (mis)parsing of the safe harbor." Finally, the statement that Defendants had to terminate repeat mass-infringers is irrelevant – As found by the district court, Defendants <u>voluntarily</u> and properly terminated repeat infringers and deleted infringing files, <u>long before Ventura filed its lawsuit</u>, because that is what Defendants needed to do in order to qualify for § 512(c). Defendants did not do so because Ventura filed its lawsuit.

To no avail, Ventura tries to distinguish *Frank Music*, a case cited by Defendants. Ventura misstates the holding in that case, by quoting only a portion of one sentence and ignoring the preceding sentence. (Answering Brief, p. 20.)

This Court's full statement was:

> Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable. (Citation.) The district court correctly noted that such awards to prevailing plaintiffs serve the purpose of encouraging private enforcement and deterring infringements. The district court did not abuse its discretion in determining that the plaintiffs are entitled to an award of attorney's fees.

Contrary to Ventura's assertion, *Frank Music* does not <u>limit</u> an award of fees to a prevailing plaintiff simply by virtue of prevailing in the case. Rather, this Court merely applied this concept to the prevailing party in that case, which happened to be the plaintiff. Further, this Court did not state that only an award to a prevailing plaintiff (and not to a defendant) served the purposes of the Copyright Act. Rather, this Court merely stated that an award to a plaintiff served these purposes because it encouraged private enforcement and deterred infringements. An award to a defendant can also serve the purposes of the Copyright Act, but for a different reason – it encourages defendants to litigate meritorious defenses. Further, for the obvious reason, Ventura does not address the fact that in *Fantasy*, this Court upheld an award to the prevailing defendant (Fogerty) even though the district court did not make any finding regarding objective unreasonableness, frivolousness, or improper motivation. *Id.*, 94 F.3d at 556-560.

Also to no avail, Ventura tries to distinguish *Assessment Techs.*, another case cited by Defendants. There is nothing in that case that is contrary to the Supreme

16

Court's ruling in *Fogerty* that the *Fantasy* factors "may be used to guide courts'

discretion, so long as such factors are faithful to the purposes of the Copyright Act

and are applied to prevailing plaintiffs and defendants in an evenhanded manner."

*Fogerty* was decided 10 years before *Assessment Techs.*, and was certainly on the

Seventh Circuit's radar at the time of its opinion. Further, *Assessment Techs.*

neither eliminated consideration of the other *Fantasy* factors nor held that the

presumption in favor of awarding fees applied only to a successful defendant and

not to a successful plaintiff. Rather, the Seventh Circuit expressly stated that it

was merely refining the *Fantasy* factors and that the presumption at issue was

available to both plaintiffs and defendants:

> The two most important considerations in determining whether
> to award attorneys' fees in a copyright case are the strength of
> the prevailing party's case and the amount of damages or other
> relief the party obtained. If the case was a toss-up and the
> prevailing party obtained generous damages, or injunctive relief
> of substantial monetary value, there is no urgent need to add an
> award of attorneys' fees. (Citation.) But if at the other extreme
> the claim or defense was frivolous and the prevailing party
> obtained no relief at all, the case for awarding him attorneys'
> fees is compelling. As we said with reference to the situation in
> which the prevailing plaintiff obtains only a small award of
> damages, "the smaller the damages, provided there is a real, and
> especially a willful, infringement, the stronger the case for an
> award of attorneys' fees....[W]e go so far as to suggest, by way
> of refinement of the *Fogerty* standard, that the prevailing party
> in a copyright case in which the monetary stakes are small
> should have a presumptive entitlement to an award of attorneys'
> fees."...see also *Magnuson v. Video Yesteryear*, 85 F.3d 1424,
> 1432 (9th Cir. 1996). When the prevailing party is the
> defendant, who by definition receives not a small award but no

17

award, the presumption in favor of awarding fees is very strong. (Citation.)  For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.

Here, there occurred the specific factual circumstances described in *Assessment Techs.* that give rise to the presumption in the defendant's favor.[4]

### B.  This Court Should Reject Ventura's Argument That The "Objective Unreasonableness" *Fantasy* Factor Weighed Against An Award.

Ventura argues that that the "objective reasonableness" *Fantasy* factor weighed against an award because of the facts and arguments set forth in its Opening Brief regarding the district court's granting of Defendants' MSJ. (Answering Brief, p. 25-26.)  This argument does not have any merit for the simple reason that Defendants' Second Brief on Cross-Appeal (Response and Principal Brief) has shown that the court properly granted Defendants' MSJ.

Ventura also argues that its factual and legal arguments were not objectively unreasonable because of Defendants' recognition that their chances of success on their MSJ were nonexistent, and that Defendants' current position that Ventura's claims were objectively unreasonable contradicts that earlier recognition.

---

[4] For some reason, Ventura tries to distinguish *Diamond Star Building Corp. v. Freed*, 30 F.3d 503 (4th Cir. 1994), a case cited by *Assessment Techs.*  (Answering Brief, p. 23-24.)  But this is a wasted effort, since that analysis does not change the holdings in *Assessment Techs.* and the numerous cases that followed it in the Seventh Circuit and elsewhere.

(Answering Brief, p. 8-10, 26-27.)  But, Ventura's argument is pure speculation, since it is based on the sole fact that Defendants did not file their MSJ until prodded by the district court just before the trial.  There are an infinite number of reasons why Defendants could have decided not to file their MSJ before the trial, none of which have anything to do with Defendants' perception as to their chances of success and the objective reasonableness of Ventura's claims.  In fact, in Defendants' supplemental memorandum of points and authorities in support of their motion for fees, Defendants addressed this argument by explaining that their earlier decision not to file the MSJ was based on their belief that Ventura would request the deferral of the MSJ under Fed.R.Civ.P. 56(d); their estimate of the cost to prepare the MSJ; their knowledge that no motion is a certain win; their concern that the MSJ would educate Ventura and result in additional discovery; and their desire to use the funds to instead try to settle this case.  (2 ER 128-131, ¶ 3.)

Ventura also argues that its factual and legal arguments were not objectively unreasonable because several other cases (e.g., *Smith*, *Halicki Films*, *Mathew Bender*, *Fogerty ( MGM Group)*, *Harris Custom Builders*, and *Charles Ross Builder*) held that the prevailing defendants were not entitled to an award because the plaintiffs' claims were not objectively unreasonable.  (Answering Brief, 26-27.) Defendants do not disagree with the general proposition that a prevailing defendant may not be entitled to an award if the plaintiff's claims are objectively reasonable

19

(subject to the further, overriding conditions that the award would not further the purposes of the Copyright Act, and that the defendant cannot satisfy any other *Fantasy* factor). But, Ventura has failed to demonstrate any <u>actual</u> factual and legal basis that supports its premise that its copyright claim was objectively reasonable. While Defendants' Opening Brief on this appeal detailed the numerous factual and legal reasons why Ventura's arguments in the district court were objectively unreasonable (Opening Brief, p. 30-44),[5] Ventura has not addressed any of these reasons, which must be accepted as true when this Court affirms the district court's ruling on Defendants' MSJ.

Ventura also argues that its factual and legal arguments were not objectively unreasonable based on *Arista Records*. (Answering Brief, p. 27-28.) That case does not provide any support whatsoever for Ventura's argument. There, the Second Circuit affirmed the district court's denial of the prevailing defendant's motion for an award of fees under § 505 because the defendant did not establish

---

[5] Defendants demonstrated that (1) Ventura's copyright claim was based on numerous factual and legal deficiencies; (2) the district court actually failed to consider and reject these deficiencies; and (3) the court, at the time Ventura filed its opposition to Defendants' MSJ, incorrectly decided that the state of the law concerning Ventura's copyright claim was so uncertain as to make this claim objectively reasonable, and also failed to recognize that Ventura's claim was objectively unreasonable solely because of the deficiencies in the "factual components" of the case, even if the state of the law was uncertain as to one or more certain "legal components" of the case. (Opening Brief, p. 30.)

that the Complaint was objectively unreasonable, that the plaintiff's motivation

was improper, and that the plaintiff engaged in any conduct that would merit

deterrence. *Id.*, at 650-51. The court stated as follows:

> The district court did not abuse its discretion in concluding that
> BMG's complaint was neither frivolous nor objectively
> unreasonable. An interactive service is defined as "one that
> enables a member of the public to receive a transmission of a
> program specially created for the recipient, or on request, a
> transmission of a particular sound recording, whether or not as
> part of a program, which is selected by or on behalf of the
> recipient." 17 U.S.C. § 114(j)(7). Launch does not dispute that
> LAUNCHcast has some features that may be manipulated by
> the user: users may select music by genre, artist, song, or
> album. It was reasonable for BMG to argue that the latter part
> of the definition of the term, "[a service in which] a
> transmission of a particular sound recording . . . is selected by
> or on behalf of the recipient," to include LAUNCHcast.

In contrast, a disagreement over statutory interpretation is not what

happened in this case. Ventura contended that Defendants had infringed the

copyrights for the 19 films at issue, and did not qualify for § 512(c). In opposition

to Defendants' MSJ, Ventura argued that there was an issue of fact as to whether

Defendants satisfied the (1) the knowledge and expeditious take down requirement

of § 512(c)(1)(A); (2) the "by reason of the storage at the direction of a user"

requirement of § 512(c)(1); (3) the right and ability to control the infringing

activity requirement of § 512(c)(1)(B); and (4) the adoption and reasonable

implementation of a repeat-infringer policy requirement of § 512(i)(1)(A). (1 ER

16.) The district court held that Ventura's arguments were either factually

21

incorrect, contrary to existing law and statute, based on a misunderstanding of the law, and/or unsupported by any evidence whatsoever. (1 ER 17-30.) In a nutshell, that ruling is the basis of Defendants' contention that Ventura's copyright claim was objectively unreasonable.

Finally, Ventura argues that its factual and legal arguments were not objectively unreasonable because Defendants claim that this case resulted in a more clear demarcation of the boundaries of copyright law, etc. (Answering Brief, p. 28-29.) Ventura's argument is nonsense; a case can lead to the above result whether the plaintiff asserts objectively reasonable or unreasonable arguments; there is nothing that limits that result to only cases involving reasonable arguments.

### C. This Court Should Reject Ventura's Argument That The "Motivation" *Fantasy* Factor Weighed Against An Award.

Ventura argues that the "motivation " *Fantasy* factor weighed against an award because (1) Defendants asserted that Ventura improperly filed this case without conducting an adequate factual investigation regarding Defendants, their website, and Defendants' anticipated § 512(c) defense for the first time on appeal, (2) Defendants did not use Fed.R.Civ.P. 11 to make this assertion earlier; (3) the district court held that Ventura was not motivated by bad faith; (4) Ventura was motivated to file this case for "legitimate business concerns"; and (5) it is irrelevant that Ventura did not send any DMCA-compliant take-down notices to Defendants. (Answering Brief, p. 30-32.)

First, Defendants did not raise the issue of Ventura's inadequate pre-filing investigation for the first time on appeal. To the contrary, Defendants made this very argument in their motion for fees. (2 ER 97-106.)

Second, there is no statute or case law that even suggests, much less requires, that Defendants initially proceed under Fed.R.Civ.P. 11 as a pre-condition to asserting that Ventura's inadequate pre-filing factual investigation shows that its claims were objectively unreasonable for purposes of § 505.

Third, the fact that the district court held that Ventura was not motivated by bad faith (1 ER 4) does not by itself establish that Ventura was not improperly motivated in filing and continuing this case.[6] The court's evaluation of the "motivation" *Fantasy* factor in terms of whether Ventura brought this case in "bad faith" was incorrect. In doing so, the court ignored the principle that the prevailing party, in order to obtain an award under § 505, need not show that the losing party's conduct was in bad faith, frivolous, or vexatious. *Fantasy*, 94 F.3d at 560. If "bad faith" is not directly required in order to obtain an award, then it should not

---

[6] Defendants' motion for fees allowed the district court to find that Ventura's copyright claim was objectively unreasonable as of Ventura's filing of the Complaint on July 11, 2011. In the alternative, Defendants' motion also allowed the court to find that Ventura's claim was objectively unreasonable as of some post-filing date. The court did not consider the second option in its order denying Defendants' motion. This is another reason for this Court to find that the district court abused its discretion.

be backdoored into the evaluation by equating the "motivation" factor with "bad faith" conduct (as opposed to "questionable" or improper conduct). (Opening Brief, p. 52-54.)

Fourth, even if Ventura was motivated to file this case for "legitimate business concerns", that fact does not mean that Ventura's motivation in bringing and continuing this case was proper for purposes of § 505. Ventura's position is akin to a plaintiff in a meritless antitrust case arguing that the prevailing defendant is not entitled to an award of fees because the plaintiff correctly believed that competition between the two parties was hurting the plaintiff's business. While the plaintiff's belief may be a legitimate business concern, that fact does not mean that the lawsuit was objectively reasonable. People engage in improper conduct for legitimate reasons all the time.

Finally, it is not irrelevant that Ventura decided not to send any DMCA-compliant take-down notices to Defendants. Admittedly, a plaintiff's decision not to send a take-down notice will not be important when it was the result of the plaintiff's belief that the defendant did not qualify for § 512(c). *UMG v. Veoh Networks*, 2010 WL 1407316, *1 (C.D. Cal. April 6, 2010). In contrast, here, Ventura's decision was based on a deliberate "legal strategy" developed with outside counsel. (10 ER 1985-86, Fact # 298-299; 12 ER 2609, Fact # 298-299; 12 ER 2513, ¶¶ 298-299; 11 ER 2053-2068.)

24

### D.    This Court Should Reject Ventura's Argument That The "Compensation And Deterrence" *Fantasy* Factor Weighed Against An Award.

Ventura argues that the "compensation and deterrence" *Fantasy* factor weighed against an award because this case presented close and novel issues of first impression in an unsettled area of the law, citing *Lotus Development*, *Mitek Holdings*, and *Hustler Magazine*. (Answering Brief, p. 32-34.)  Defendants agree with the general proposition that "compensation and deterrence" weigh against an award when the case presents close and novel issues, but that is not the case here (unlike in the three cited cases) for the reasons discussed in Defendants' Opening Brief.  In making this argument, Ventura claims that Defendants have contradicted themselves by first arguing that this case did not present close and novel issues of first impression in an unsettled area of the law, and then arguing that their successful defense of this case resulted in a more clear demarcation of the boundaries of copyright law, and further defined and clarified the specific factual circumstances under which a website may satisfy the requirements of § 512(c). (Answering Brief, p. 32-33.)  Defendants do not see any contradiction in these arguments.  A case can further define and clarify the application of a statute to specific factual circumstances without presenting close and novel issues of first impression in an unsettled area of the law.

Ventura also argues that "compensation and deterrence" *Fantasy* factor

weighed against an award because, contrary to Defendants' statements, the district court's granting of Defendants' MSJ was unprecedented and surprising. (Answering Brief, p. 34-35.)  Accordingly to Ventura, the court's ruling was "unprecedented" because "no DMCA law" [including *UMG Recordings, Inc. v. Veoh Networks, Inc.*, 665 F.Supp.2d 1099 (C.D. Cal. 2009), *affirmed in part and remanded UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006 (9th Cir. 2013); *Fung v. Columbia Pictures*, 710 F.3d 1020 (9th Cir. 2013); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007); and *Viacom Int'l Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012)] supported summary judgment.  Citing the above and other cases, the district court disagreed for the reasons stated in its order, thereby disposing of this argument.  Obviously, this Court will determine this issue in the related appeal.

Finally, Ventura argues that Defendants asserted for the first time on appeal the issues of lack of personal jurisdiction, inconvenient forum, and the fact that Ventura should not have sued Lange individually, thereby waiving these issues by failing to file a Fed.R.Civ.P. 12 motion and again by failing to raise them in Defendants' motion for fees.  (Answering Brief, p. 35.)

Ventura has mischaracterized Defendants' argument.  Defendants did not raise these matters on appeal (or even in their motion for fees) as substantive issues or objections, to be resolved by the courts.  If Defendants had wanted to contest

26

these matters, then they would have done so at the initial pleading stage of this case.  Rather, Defendants raised these matters (in their motion) as additional facts that justify an award when considering the "compensation and deterrence" *Fantasy* factor.  (3 ER 255, fn. 2.)

### III.    Defendants' Motion Was Not Filed Late.

Ventura argues that Defendants' motion was untimely filed, because Defendants failed to comply with Local Rule 54-12 and Fed.R.Civ.P. 54(d)(2)(B), because the district court granted summary judgment on Ventura's copyright claim on July 3, 2013; the 14-day deadline expired on July 17; and Defendants did not file their motion until August 8.[7]  (Answering Brief, p. 36-38.)  But, Ventura has ignored Fed.R.Civ.P. 54(b):

> When an action presents more than one claim for relief…, the court may direct entry of a final judgment as to one or more, but fewer than all, claims…only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims…does not end the action as to any of the claims…and may be revised at any time before the entry of a judgment adjudicating all the claims..."

Pursuant to Rule 54(b), the 14 day deadline did not start to run until the entry of a "judgment adjudicating all the claims".  As of July 3, even after granting

---

[7]  Local Rule 54-10 (not 54-12 as cited by Ventura) and Rule 54(d)(2)(B) provide that a motion for fees shall be filed within 14 days after the entry of judgment or other final order.

summary judgment on Ventura's copyright claim, the court had not made a final ruling on Ventura's § 17200 claim. The court dismissed Ventura's § 17200 claim on July 25. The 14-day deadline started to run on July 25, not July 3, and expired on August 8, when Defendants filed their motion.

## CONCLUSION

For the above reasons, the district court's decision not to award fees was an abuse of discretion. This Court should reverse the district court's decision and remand this case to the court for a determination of the reasonable amount of fees and costs to be awarded. The district court's decision that Defendants qualified for § 512(c) was based on the application of well-established law to numerous undisputed facts that were either known to Ventura at the time it filed the Complaint, or could or should have been known by Ventura. An award will further the purposes of the Copyright Act, which is the pivotal criterion. Further, although not required, an award will be consistent with the *Fantasy* factors: (1) Defendants obtained a high degree of success, which is sufficient by itself to justify the award; (2) Ventura's claim was objectively unreasonable both factually and legally, thus weighing in favor of the award; (3) at best for Ventura, the "motivation" *Fantasy* factor was a neutral one; and (4) the award will advance considerations of compensation and deterrence, also weighing in favor of the award.

Dated: June 12, 2014                    THEODORA ORINGHER PC

                                        s/David S. Richman
                                        _____

                                        David S. Richman

By:                                     Attorneys for Defendants and
                                        Appellants Motherless, Inc., and Joshua
                                        Lange

29

## <u>STATEMENT OF RELATED CASES</u>

The undersigned, counsel of record for Defendants and Appellants, hereby certifies that this appeal from a post-judgment order denying their motion for fees is related to two other pending appeals:

(1)    *Ventura Content Ltd. v. Motherless, Inc., and Joshua Lange*, Ninth Circuit case No. 13-56332, in which Ventura appeals from the district court's two orders in this same district court case, granting Defendants' MSJ as to Ventura's claim for copyright infringement based on § 512(c), and subsequently dismissing Ventura's § 17200 claim; and

(2)    *Ventura Content Ltd. v. Motherless, Inc., and Joshua Lange*, Ninth Circuit case No. 13-56363, in which Defendants appeal from the district court's order in this same district court case, denying that portion of Defendants' MSJ made on the ground that Ventura had failed to establish a prima facie case of direct, contributory and vicarious infringement against Defendants.

## CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS [FED. R. APP. P. 32(a)]

x 1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because:

    x   this brief contains 6,942 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    x   this brief uses monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

x 2.   This brief complies with the typeface and type styles requirements of Fed. R. App. P. 32(a)(5)-(6) because:

    x   this brief has been prepared in a proportionally spaced typeface using MS-Word in 14-point Times New Roman font type, or

    x   this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

June 12, 2014                                          s/David S. Richman

_____          _____

Date                                                  David S. Richman

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature: <u>s/ David S. Richman</u>